MEMORANDUM*
Mark Gesse appeals the district court’s denial of his 28 U.S.C. § 2254 habeas corpus petition. We AFFIRM.
A jury does not reach a valid verdict until deliberations have ended, the decision is announced in open court, and no juror registers his or her dissent. United States v. Nelson, 692 F.2d 83, 84-85 (9th Cir. 1982). At no time did the jury announce a not guilty verdict on the second degree murder charge in open court.
Having been informed of the failure of jurors to deliberate in good faith, the court appropriately re-instructed the jury on their deliberation duties, clearly stating its reason for giving the further instructions. No evidence in the record suggests an effort by the court to exert influence upon the jury to reach a verdict. A trial judge is fully within his or her bounds to admonish jurors to consider the views of their fellow jurors, as long as the judge also clearly stated that the final decision each juror reaches must represent his or her own view. See Allen v. United States, 164 U.S. 492, 501-502, 17 S.Ct. 154, 41 L.Ed. 528 (1896).
Inability to agree on a final verdict is a “prototypical example” of judicial declaration of mistrial. See Oregon v. Kennedy, 456 U.S. 667, 672, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982). Reviewing courts accord significant deference to trial judges in them decision to declare a mistrial. See Arizona v. Washington, 434 U.S. 497, 510, *285 98 S.Ct. 824, 54 L.Ed.2d 717 (1978). The jury, which had been in deliberations for three days, informed the court that it was deadlocked, with a seven to five vote. Eleven of the twelve jurors felt it unlikely that further deliberation would resolve the differences to the degree where the panel would reach agreement. It was reasonable for the trial court to declare a mistrial and for the state courts to consider the trial court actions as neither contrary to, nor an unreasonable application of, clearly established law. 28 U.S.C. § 2254(d).
Because a mistrial was declared based on the jury’s inability to reach a verdict on the second degree murder charge, Gesse could properly be subjected to a second trial on that count. Richardson v. United States, 468 U.S. 317, 324, 104 S.Ct. 3081, 82 L.Ed.2d 242 (1984).
The evidence of second degree murder. Gesse is not entitled to habeas relief on grounds of insufficient evidence of malice as substantial evidence supported his conviction. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The government showed:
(1) Gesse and Tauer fought each other in a small boat, fell off, and then both got back on to the boat.
(2) Gesse told his brother that he had knocked Tauer down, hitting him so hard that Gesse “thought he wasn’t going to be able to get up for a while.” When asked if he had “pretty much control” when the two men got back on to the boat, Gesse told the police “yes.”
(3) Tauer then ended up in the water.
(4) Gesse dumped Tauer’s gear overboard.
(5) Gesse kept silent until Tauer’s body was found, then told inconsistent stories about the events.
The jury had to consider four possible causes for Tauer’s death: accident; voluntary action by Tauer; manslaughter; or second degree murder. Noting Gesse’s consciousness of guilt, the jury rationally rejected the first and second alternatives.
As the jury did not believe Gesse’s testimony that Tauer left the boat voluntarily, the jury rationally concluded Gesse was responsible. Gesse himself testified that he had subdued Tauer, and thus a reasonable juror could have concluded that whatever provocation might have once existed had come to an end. To force a beaten man into ocean water at night in February at a point one mile from shore is an act dangerous to his life and shows a conscious disregard for his life. See People v. Dellinger, 49 Cal.3d 1212, 1218, 264 Cal.Rptr. 841, 783 P.2d 200 (Cal.1989) (“[Second] degree murder based on implied malice has been committed when a person does an act, the natural consequences of which are dangerous to life, which act was deliberately performed by a person who knows that his conduct endangers the life of another and who acts with conscious disregard for life.”) (citation omitted) (brackets in original). On the basis of his forcing Tauer overboard without provocation, a rational jury could convict Gesse of second degree murder. The California Court of Appeals did not err in affirming his conviction.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.